The State of Missouri ex rel., to use of Koontz et al., v. Luce et al.

———————

THE STATE OF MISSOURI *ex rel.* AND TO THE USE OF GEORGE W. KOONTZ AND ALFRED M. KOONTZ, Defendants in Error, *v.* M. H. LUCE *et al.*, Plaintiffs in Error.

1. *Bond, suit on — Verdict — Judgment — Appeal, etc.* — In a suit upon an official bond, the error of the trial court in rendering judgment upon the verdict of the jury, instead of on the bond, with a further judgment that relator have execution for the damages assessed, is a merely formal one, which may be corrected at any time, and will not authorize a reversal of the cause.

*Error to Moniteau Circuit Court.*

*Moore & Williams*, for plaintiffs in error.

*Owens & Wood*, for defendants in error.

ADAMS, Judge, delivered the opinion of the court.

This was an action on the official bond of Luce as constable, and the other defendants as his sureties, for taking and seizing and injuring certain property of relators under color of his office as constable.

The defendants justify under an order of the County Court levying a tax of five dollars on public shows, and set up that the property in question was levied upon for a tax of that character.

The facts of the case tended to show that the relators proposed to deliver a lecture in a church in the town of California, on the life and character of Jesus Christ, and in illustration of his character, and in aid of the lecture, to exhibit a large panorama painting illustrating various scenes in the life of Christ. The lecturer charged an admittance fee, and had commenced receiving money

as admittance fees before commencing the lecture, when the constable appeared and applied for the tax. The lecturer told him it was not a show, and if he, the constable, insisted it was a show, he would return the audience the money he had received before opening the lecture, and lecture free of charge, and offered to do so ; but the constable insisted on making a levy, and refused to levy on a wagon and team which were offered him, but seized the painting, and kept it till he made a sale of it, and, as is alleged, injured it considerably. When it was offered for sale it was bought for the relators at the price of ten dollars. But they claim that it was injured very much by the constable. The evidence also tended to show that the constable, in making the levy, acted with violence and used profane language.

After the close of the evidence the court gave instructions on both sides, presenting the views of each party as to what constitutes a show. The instructions taken together seem to have presented the case fairly to the jury. The jury found a verdict for the relators.

The defendants have objected here that the judgment was rendered upon the verdict and not on the official bond, with a further judgment that the relators have execution for the damages assessed. This objection was not made in the court below and the matter was a mere formal one, which that court, on motion, may at any time correct. It is not an error for which we ought to reverse the judgment.

Upon the whole record, it appears that the judgment is for the right party. Judgment affirmed. The other judges concur.